UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
CLAUDE MARY LUISTILUS BONNET,       )
                                   )
            Petitioner,            )
                                   )
v.                                 )   Civil Action
                                   )   No. 19-10417-PBS
YOLANDA SMITH, Superintendent of   )
Suffolk County Department of       )
Corrections,                       )
                                   )
            Respondent.            )
_____)

**MEMORANDUM AND ORDER**

July 23, 2019

Saris, C.J.

**INTRODUCTION**

Detained by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1226(c) since April 2018, Petitioner Claude Mary Luistilus Bonnet petitions for a writ of habeas corpus ordering his release or, in the alternative, a bond hearing either before this Court or an immigration judge. Petitioner argues that his fifteen-month detention has become unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. The Government has moved to dismiss or stay the habeas petition. Petitioner is a member of the Reid class of

1

§ 1226(c) detainees for whom this Court recently issued a permanent injunction and declaratory judgment. See Reid v. Donelan, -- F. Supp. 3d --, 2019 WL 2959085 (D. Mass. 2019). The Court assumes familiarity with that decision, which binds both parties.

After hearing, the Court **ALLOWS** the petition for a writ of habeas corpus (Docket No. 1) insofar as Petitioner requests a bond hearing and **DENIES** the Government's motion to stay or dismiss the complaint (Docket No. 15).

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, born in Haiti in 1983, entered the United States as a lawful permanent resident on March 3, 1999 and moved in with his mother in Massachusetts. Petitioner left Haiti believing his safety was imperiled because his uncle had served as a captain in the Haitian Army and vocally opposed a violent paramilitary group. He enrolled at Cambridge Rindge and Latin School and then Massachusetts Bay Community College. Between 2010 and 2018, he worked as a warehouse worker and package handler.

Petitioner was convicted on at least four occasions between 2015 and 2018 for a variety of crimes, mostly drug possession and minor driving-related offenses. Most relevant here, he pleaded guilty on December 11, 2017 to possession of a dangerous weapon (a knife), possession with intent to distribute a Class B

controlled substance, eight counts of possession with intent to distribute a Class E controlled substance, and operating a vehicle with a suspended license and registration. Sentenced to six months in the Worcester County Jail, he served four months. In 2018, Petitioner also pleaded guilty to possession of a Class B controlled substance, subsequent offense.

While at the Worcester County Jail, Petitioner received a Notice to Appear ("NTA") from the Department of Homeland Security charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (controlled substance offenses) and § 1227(a)(2)(B)(i) (aggravated felonies) based on his December 2017 conviction for possession with intent to distribute a Class E controlled substance (Clonazepam). Immediately after serving his criminal sentence, he was taken into ICE custody on April 23, 2018 and transferred to the Suffolk County House of Corrections. Because of his charges of removability, ICE has detained him pursuant to 8 U.S.C. § 1226(c) without a bond hearing.

The Immigration Judge ("IJ") continued Petitioner's removal proceedings for three weeks between May 8 and May 29, 2018 so that he could secure legal representation. The IJ also provided Petitioner with a Convention Against Torture ("CAT") application. Petitioner appeared at the May 29 hearing with an attorney, who requested another week-long continuance. On June

3

5, the IJ scheduled a hearing on Petitioner's CAT application for June 28. On June 28, the IJ continued Petitioner's case until July 13 due to previously scheduled matters on his docket.

At the July 13 hearing, the IJ denied Petitioner's request for another continuance. Instead, the IJ found Petitioner removable and denied his CAT application. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA").

Petitioner also filed a motion in state court on July 16 to withdraw his guilty plea on four of the twelve counts of his 2017 conviction. On October 22, the state court granted Petitioner's motion for two of the counts –- possession with intent to distribute a Class E controlled substance (Clonazepam) and possession with intent to distribute a Class E controlled substance (Lorazepam) -- because the prosecutor recited an insufficient factual basis for the plea. Because the state court vacated the Clonazepam conviction that served as the predicate for the charges of removability on Petitioner's NTA, the BIA granted Petitioner's unopposed motion to remand to the IJ on December 6. A month later, ICE requested a hearing before the IJ, which was scheduled for January 30, 2019.

At the January 30 hearing, the IJ granted ICE a week-long continuance to file a new NTA. On February 6, ICE served Petitioner with a new NTA charging him again as removable for a controlled substance offense and aggravated felony as a result

4

of his conviction for possession with intent to distribute a Class B controlled substance (Suboxone). Claiming that ICE filed the incorrect documents in support of its additional charge, Petitioner immediately moved to terminate his removal proceedings. On February 20, ICE provided Petitioner with the correct documents, and the IJ sustained the charge of removability.

The IJ also granted Petitioner a continuance to submit new evidence for an amended CAT application and scheduled a hearing for April 9. In his amended application, Petitioner claimed he would face torture if removed to Haiti because his family's political affiliation would make him a target for violence and his criminal record would subject him to torture during punitive detention upon repatriation. Petitioner cited the murder of his sister and uncle, both of which he claims occurred because of the family's political affiliations. After holding a merits hearing on April 9, the IJ denied Petitioner's amended CAT application on May 3. Petitioner filed a timely appeal to the BIA two weeks later.

While he was preparing his amended CAT application, Petitioner filed a petition for a writ of habeas corpus that challenged his mandatory detention without a bond hearing under § 1226(c) in this Court on March 6, 2019. The Government moved

to dismiss or stay the petition on April 10. At present, Petitioner has been held in ICE custody for fifteen months.

## DISCUSSION

### I. Legal Standard

Pursuant to 8 U.S.C. § 1226(c), the Government "shall take into custody any alien" deemed inadmissible or deportable based on criminal convictions such as the aggravated felonies and controlled substance offenses enumerated in 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i). 8 U.S.C. § 1226(c)(1); Reid, 2019 WL 2959085, at *4. Once subject to mandatory detention during removal proceedings, criminal aliens are not entitled to a bond hearing. See Jennings v. Rodriguez, 138 S. Ct. 830, 851 (2018). Petitioner concedes that his predicate conviction qualifies as an aggravated felony and controlled substance offense that triggers mandatory detention under § 1226(c).

Having been detained by ICE under § 1226(c) for fifteen months, Petitioner argues he is entitled to a bond hearing on due process grounds. In Reid, this Court held that "mandatory detention without a bond hearing under 8 U.S.C. § 1226(c) violates due process when the detention becomes unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." 2019 WL 2959085, at *16. To determine whether due process entitles an alien subject to

mandatory detention to a bond hearing, the Court applies an individualized reasonableness test based on factors related to the length and circumstances of detention. See id. at *1. The length of the detention is the most important factor, and mandatory detention exceeding one year is presumptively unreasonable absent dilatory tactics by the alien. Id. The Court also considers "the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order." Id. at *9 (quoting Reid v. Donelan, 819 F.3d 486, 500 (1st Cir. 2016)).

## II. Analysis

First, with respect to the most important factor, the total length of detention, Petitioner has been held in ICE custody for fifteen months. Because removal proceedings last longer than one year for only around five percent of § 1226(c) detainees in the region, the length of Petitioner's detention is presumptively unreasonable. See Reid, 2019 WL 2959085, at *9; see also De Oliveira Viegas v. Green, 370 F. Supp. 3d 443, 448 (D.N.J. 2019) (finding detention of fifteen months sufficient to trigger due process concerns); Portillo v. Hott, 322 F. Supp. 3d 698, 707-08 (E.D. Va. 2018) (ruling that a fourteen-month detention was

unreasonably prolonged and weighed heavily in favor of a bond hearing).

Second, there is no evidence that either party unreasonably delayed the proceedings in bad faith or with dilatory tactics. Petitioner reasonably sought more time to procure legal counsel and challenge the accuracy of the documents submitted by ICE to support the new charges of removability. These motions caused delay of about six weeks.

The Government itself delayed the proceedings by several months following the October 22, 2018 vacatur of the conviction that appeared on Petitioner's original NTA. The record does not indicate when Petitioner moved to remand his case from the BIA to the IJ, however, so the Court cannot conclude that the Government unreasonably delayed the remand. The BIA's December 6 remand order permitted the IJ to solicit additional evidence necessary to resolve the matter fully. Although ICE did not file an amended NTA until February 2, 2019, this delay of two months after the remand was not unreasonable in light of the messy, hard-to-read state court docket. Because both sides caused only reasonable delay, this factor does not favor either party.

Third, proceedings are not likely to conclude in the near future because Petitioner has recently appealed the denial of his application for CAT relief. Petitioner claims he will likely face torture or death upon repatriation given his criminal

8

record, especially in light of his family's political allegiances in Haiti. He has a plausible argument on appeal. See Compere v. Nielsen, 358 F. Supp. 3d 170, 175-76, 181-82 (D.N.H. 2019) (staying an alien's removal to Haiti and finding plausible a similar CAT claim), appeal docketed, No. 19-1303 (1st Cir. Mar. 27, 2019); see also Hernandez v. Decker, No. 18-CV-5026 (ALC), 2018 WL 3579108, at *9-10 (S.D.N.Y. July 25, 2018) (ordering a bond hearing in part because the alien's arguments against removal were "not frivolous"). This factor weighs in favor of Petitioner.

Fourth, Petitioner's fifteen-month immigration detention has already greatly surpassed the four months he spent in the Worcester County Jail for his underlying criminal conviction. See Portillo, 322 F. Supp. 3d at 708-09 (ordering a bond hearing where the alien served just over one month in prison for his criminal conviction compared to fourteen months in immigration detention); Sajous v. Decker, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *3, *11-12. (S.D.N.Y. May 23, 2018) (same where the alien served two one-month criminal sentences compared to eight months in immigration detention), appeal dismissed, No. 18-2591 (2d Cir. May 7, 2019). This factor also favors Petitioner.

Fifth, the Court finds that there is a significant likelihood the proceedings will culminate in a final removal

order against Petitioner since the IJ has already rejected his CAT application. This factor weighs in favor of the Government.

Based on these factors, particularly the length of time he has already been in immigration detention, the Court concludes that Petitioner's mandatory detention has become unreasonably prolonged in violation of due process and he is entitled to a bond hearing.

## **ORDER**

For the foregoing reasons, the Court **ALLOWS** the petition for a writ of habeas corpus (Docket No. 1) and orders the Government to conduct a bond hearing within seven calendar days of this order. The Court **DENIES** the Government's motion to stay or dismiss the complaint (Docket No. 15).

SO ORDERED.

    /s/ Patti B. Saris
HON. PATTI B. SARIS
Chief U.S. District Judge